```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DONALD WILLIAMS                                CIVIL ACTION

VERSUS                                         NUMBER: 06-8716

LOUISIANA SUPREME COURT                        SECTION: "K"(5)
```

### REPORT AND RECOMMENDATION

The above-captioned matter came before the undersigned pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

Donald Williams, petitioner herein, brings an "Application for Mandamus" before the Court in which he complains that the Louisiana Supreme Court has not acted on two writ applications that he filed with that tribunal earlier this year. Notwithstanding the fact that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties,[1]/ the Court has ascertained that the Louisiana

---

[1]/ See Santee v. Quinlan, 155 F.3d 355, 357 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96 (5th Cir. 1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar

Supreme Court dutifully ruled on Williams' writ applications on October 6, 2006.  <u>State ex rel. Williams v. State</u>, ____ So.2d _____, 2006 WL 2882646 (La. 2006); <u>State ex rel. Williams v. State</u>, ____ So.2d _____, 2006 WL 2882645 (La. 2006).  Accordingly, it will be recommended that Williams' application for mandamus be dismissed as moot.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for writ of mandamus of Donald Williams be dismissed as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that Such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  26th  day of ___October___, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); <u>Haggard v. State of Tennessee</u>, 421 F.2d 1384 (6th Cir. 1970).